ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JONATHAN VASQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 106-049 |
| ) | |
| STATE OF GEORGIA; DEPARTMENT ) | |
| OF JUVENILE JUSTICE; ATHENS ) | |
| RYDC; REGINALD A. SMITH; JOE ) | |
| NELSON; FNU FICKLEN, Major; and ) | |
| FNU HINSLEY, Judge; ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff filed the captioned matter pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis* ("IFP"). Pleadings drafted by *pro se* litigants must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous, malicious, or that fails to state a claim upon which relief may be granted. See 28 U.S.C. 1915(e)(2)(B)(i) & (ii).

I.  **BACKGROUND**

   A.   **The Instant Complaint**

   The entirety of Plaintiff's allegations are as follows:

> Reginald A. Smith assaulted me and verbally assaulted me. He went in my cell and pushed my face and said I was fu--ing with the wrong one[.] [M]y neck hurt for a week. (in RYDC) [sic] Judge Hinsley said he would have something for me at 17 (more lock up, shot in head, no job)[.] I was afraid of living at 17. Major Ficklen came to my cell door and grabbed his

> erection and said my visitor had nice breasts. (In RYDC) [sic] the DJJ sent my records but never recorded the investigation on Mr. Smith and I. The investigation was condoned [sic] without parents contacted. I was discriminated by my Hispanic/Negro self. [sic] Joe Nelson came up to me while being transported to RYDC and said you are scared of me you don't wanna buck on me. [sic] Probation lied on me and said I paid when I didn't.

Doc. no. 1, p. 3.

### B.   Plaintiff's Filing History

Before addressing the merits of the above-quoted complaint, it will be helpful to assess its context. The instant complaint is one of six lawsuits Plaintiff has filed this year. Two of those cases were dismissed for failure to state a claim. See Vasquez v. Dep't of Juvenile Justice, CV 106-015, doc. no. 4, *adopted by* doc. no. 8 (S.D. Ga. Mar. 28, 2006); Vasquez v. Georgia State Patrol, CV 106-023, doc. no. 4, *adopted by* doc. no. 7 (S.D. Ga. Apr. 14, 2006). The undersigned has recommended that a third be dismissed as frivolous and for abuse of the judicial process. See Vasquez v. Wilkes Co. Board of Ed., CV 106-041, doc. no. 5 (S.D. Ga. Apr. 18, 2006). In two other pending cases, Plaintiff has been denied leave to proceed IFP due to his failure to support his allegations of poverty with an appropriate affidavit. See Vasquez v. Sheriff's Dep't, CV 106-048, doc. no. 3 (S.D. Ga. Apr. 13, 2006); Vasquez v. Long John Silvers, CV 106-050, doc. no. 3 (S.D. Ga. Apr. 13, 2006).

Thus, in the span of a few months, Plaintiff has brought a series of suits with dubious merit. In assessing the merits of the instant case, the Court may consider Plaintiff's recent litigation history. Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered."). The Court now turns its attention to Plaintiff's allegations in the instant case.

## II.  DISCUSSION

Initially, the Court notes that Plaintiff provides few details regarding his scant and conclusory allegations. Thus, it is difficult to discern Plaintiff's claims. Ordinarily, the Court would consider ordering Plaintiff to amend his complaint to flesh out his claims and thus give the Court a better picture of his allegations. However, the Court is persuaded that in this instance amendment would be futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004)(explaining that leave to amend should be freely given, but is properly denied when any amendment would be futile). Plaintiff's allegations provide no basis from which to presume the existence of viable claims against Defendants.

Plaintiff apparently complains of events related to a proceeding in juvenile court and his subsequent detention in a Regional Youth Detention Center. Plaintiff seeks monetary damages from the following Defendants: 1) the State of Georgia, 2) the Department of Juvenile Justice, 3) the Athens "RYDC [Regional Youth Detention Center]," 4) Judge FNU Hinsley, 5) Reginald A. Smith ("Smith"), 6) Joe Nelson ("Nelson"), and 7) Major FNU Ficklen ("Ficklen").

First, as the Court has already informed Plaintiff, his apparent attempt to sue Judge Hinsley for threatening him during a judicial proceeding must fail. See CV 106-015, doc. no. 4, p. 2 (explaining that state judges "enjoy absolute immunity for their judicial acts")(citing Stump v. Sparkman, 435 U.S. 349, 355-57 (1978)). The Court has also explained to Plaintiff that suits for monetary damages against the State and its arms or agencies are barred by sovereign immunity. See id. (citing Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*)). Thus, Plaintiff's claims against the State of Georgia and state

entities--here, the Department of Juvenile Justice and the Athens Regional Youth Detention Center--also fail.

Furthermore, Plaintiff's claims against the individually named Defendants--who are presumably officers at the Regional Youth Detention Center--likewise fail. Although Plaintiff identifies no basis for the Court's subject matter jurisdiction, presumably he maintains that the individual Defendants are state actors under 42 U.S.C. § 1983 and that their actions violated his constitutional rights. However, even construed liberally, Plaintiff's allegations do not show that his constitutional rights were violated.

First, the Court is not persuaded that Defendant Smith's alleged threats and single shove suffice to state an Eighth Amendment claim for excessive force. To begin, threatening words or gestures are insufficient to state a claim under § 1983. See, e.g., Chandler v. District of Columbia Dep't of Corrections, 145 F.3d 1355, 1360 (D.C. Cir. 1998). More generally, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Bennett v. Parker, 898 F.2d 1520, 1533 (11th Cir. 1990)(citation omitted); see also Hudson v. McMillian, 502 U.S. 1, 9 (1992)("That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action."). Simply put, the Court is not persuaded that Defendant Smith's alleged single shove, however unnecessary it might have been, amounted to cruel and unusual punishment in violation of the Eighth Amendment. See, e.g., DeWalt v. Carter, 224 F.3d 607, 620 (7th Cir. 2000)(single shove a *de minimis* use of force).

Plaintiff's claims that Defendants Smith, Ficklen, and Nelson verbally harassed and intimidated him also fail. As the Court has already noted, verbal harassment alone is no

4

occasion for an Eighth Amendment claim. The fact that Plaintiff may allege that the verbal harassment was sexual in nature does not change the Court's analysis. See, e.g., Adkins v. Rodriguez, 59 F.3d 1034 (10th Cir. 1995) (verbal sexual harassment by jailer, while outrageous and unacceptable, did not amount to a violation of the inmate's Eighth Amendment rights).

Furthermore, to the extent Plaintiff is attempting to state an equal protection claim, the Court rejects any such claim as conclusory. In order to establish an equal protection claim, Plaintiff must allege that "similarly situated" detainees received more favorable treatment and that his discriminatory treatment was based on a constitutionally impermissible basis such as his race or sex. See, e.g., Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001)(*per curiam*). Here, there are no facts in Plaintiff's complaint to support such a claim.

Finally, the balance of Plaintiff's claims fail because they are frivolous. Under § 1915, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (citation and quotation omitted). Complaints "describing fantastic or delusional scenarios" are thus correctly deemed frivolous. Id. The Eleventh Circuit has also explained that a complaint is frivolous "when it appears the plaintiff has little or no chance of success."[1] Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*) (citations omitted). Plaintiff's dubious and conclusory claims regarding missing records, "Probation

---

[1] "Arguable means capable of being convincingly argued. An action or claim in which 'the plaintiff's realistic chances of ultimate success are slight' is not one capable of being convincingly argued." Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)(citation omitted).

l[ying] on [him,]" and a corrections officer's "erection" are thus appropriately dismissed for their "patent lack of merit and want of realistic chances of ultimate success." Carter v. Ingalls, F. Supp. 834, 836 (S.D. Ga. 1983)(Bowen, J.)(citing Jones v. Ault, 67 F.R.D. 124, 129 (S.D. Ga. 1974). In sum, Plaintiff has failed to state a viable claim and this case should be dismissed.

### III.   CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP (doc. no. 2) be **DENIED** as **MOOT** and that this case be **DISMISSED**.

SO REPORTED and RECOMMENDED this ⧸⧸ day of May, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE